(103 So. 923)

BURGIN et al. v. SIMPSON. (6 Div. 353.) (Court of Appeals of Alabama. March 17, 1925.) Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge. Action by E. O. Simpson against J. G. Burgin and another, doing business as the Burgin Coal Company. Judgment for plaintiff, and defendants appeal. Affirmed.

J. B. Ivey, of Birmingham, for appellants.

He who seeks to recover for breach of contract must aver his ability, readiness, and willingness to comply. Terrell v. Nelson, 177 Ala. 596, 58 So. 989; McGehee v. Hill, 4 Port. 170, 29 Am. Dec. 277; J. C. Lysle Milling Co. v. Nor. Ala. Gro. Co., 201 Ala. 222, 77 So. 748; Long v. Addix, 184 Ala. 236, 63 So. 982.

Beddow & Oberdorfer and Roderick Beddow, all of Birmingham, for appellee.

A complaint, showing that plaintiff has complied with all the provisions of the contract, is sufficient. Code 1907, § 5382 (9); George v. Roberts, 207 Ala. 191, 92 So. 2. Where no prejudice results from overruling of demurrer, reversal will not be had. Thomas v. McArdle, 207 Ala. 521, 93 So. 395; Sov. Camp v. Ward, 201 Ala. 446, 78 So. 824; Black v. Sloss Co., 202 Ala. 506, 80 So. 794.

RICE, J. The appeal is on the record proper, without bill of exceptions, and the oral charge of the court is not set out, as it should be. Appellee brought his action in a complaint consisting of two counts, and in prosecuting this appeal from the judgment rendered against them, the only errors assigned and argued by appellants are the actions of the trial court in overruling their demurrers to the complaint, and the same and identical demurrers to count 1 of the complaint, as it was amended. If there was no error in overruling the demurrers to the said count 1, of course there was none in overruling the same to the complaint as a whole. Therefore, considering briefly the said count 1 in the light of the demurrers interposed, and observing that the same follows in all substantial respects the form prescribed under Code

1907, § 5382, subd. 9, we hold that the action of the court in overruling appellant's demurrers was free from error. Code 1907, § 5322. If this were not so, we would not be willing to predicate a reversal of the case upon these rulings of the court, because of the fact that in the condition of the record, and after an examination of the whole cause, it does not appear that the alleged errors complained of probably injuriously affected substantial rights of the appellants. Rule 45, Supreme Court, Code 1923, vol. 4, p. 895. The cases cited by counsel for appellants in no way militate against the holding above. Finding no prejudicial error in the record, let the judgment be affirmed. Affirmed.